**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST FUND; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> ELITE REBAR, LLC, a Missouri limited liability company, <br><br> Defendant. | CASE NO.: 4:21-cv-721 |

**COMPLAINT**

NOW COME the Plaintiffs, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST FUND, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant ELITE REBAR, LLC, and in support allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the IRON

WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, the IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST FUND, and the IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN (collectively the "Plaintiffs" or "Trust Funds") are administered within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the United States District Court, Eastern District of Missouri, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements, and therefore, are multiemployer plans under 29 U.S.C. § 1002.

4. The Trust Funds were established and are administered pursuant to the terms and provision of certain Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to 29 U.S.C. § 1132(a)(3), the Trust Funds are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The International Association of bridge, Structural, Ornamental and Reinforcing Iron Workers Local No. 396 ("Local 396") is the bargaining representative of Defendant ELITE REBAR, LLC's bargaining unit employees.

7. The Defendant ELITE REBAR, LLC ("Elite Rebar") is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

8. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this

Complaint with the same force and effect as if fully set forth herein.

9. Elite Rebar is an employer engaged in an industry affecting commerce that is signatory to a Collective Bargaining Agreement with Local 396, and a Participation Agreement with the Trust Funds.  (A copy of these Agreements are attached hereto as **Exhibit 1**).

10. Through the Collective Bargaining Agreement and Participation Agreement, Elite Rebar became bound by the provisions of the Trust Agreements that govern the Trust Funds (A copy of the Pension Fund's Trust Agreement is attached as **Exhibit 2**); (A copy of the Welfare Plan's Trust Agreement is attached as **Exhibit 3**).

11. Pursuant to the power granted to them through the Trust Agreements, the Trustees of the Trust Funds adopted the Collection Policy/Audit Procedures.  (A copy of the Collection Policy/Audit Procedures is attached as **Exhibit 4)**.

12. Pursuant to Section 502(g)(2) of ERISA, the Trust Agreements and the Collection Policy/Audit Procedures, employers that fail to submit their monthly contribution reports and contributions to the Trust Funds by the fifteenth (15th) day (or the next business day thereof) of the month immediately following the month in which the work was performed, a one-time charge of ten percent (10%) ("liquidated damages") is assessed against all delinquent contributions and interest accrues at the rate of one and a half percent (1.5%) per month from the original due date is charged until the contributions are paid in full. (**Exhibit 4**).

13. Pursuant to the Article XI, Section 1 of the Trust Funds' respective Trust Agreements:

> Each Employer . . . shall promptly furnish to the Trustees, on demand, such payroll records and data they have with respect to the individual Employees benefiting from this Agreement and Declaration of Trust that the Trustees may require in connection with the administration of the Trust and the Policies . . .

(**Exhibit 2**; **Exhibit 3**).

14. The Trust Funds sought to audit Elite Rebar pursuant to the Trust Agreements.

15. The Plaintiffs and the Plaintiffs' auditors, Anders CPAs + Advisors (hereinafter "the Auditors"), have made repeated requests for Elite Rebar to schedule a payroll compliance audit for the period of February 1, 2018 through May 31, 2021 and to provide access to the records that the auditor requires to complete the examination.

16. To date, Elite Rebar has failed and/or refused to comply with the payroll compliance audit.

17. Elite Rebar is obligated to pay whatever contribution deficiencies may be revealed by the payroll compliance audit, along with the resulting liquidated damages and interest.

18. The Plaintiffs have been required to employ the undersigned attorneys to compel Elite Rebar to comply with the payroll compliance audit.

19. The Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Elite Rebar is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, the Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. This Honorable Court enter an Order requiring Defendant Elite Rebar to produce all records necessary for the auditors to complete a payroll compliance audit for the period of February 1, 2018 through May 31, 2021;

B. Judgment be entered in favor of Plaintiffs and against Defendant Elite Rebar in an unknown amount for any and all contributions and union dues revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

C. Judgment be entered in favor of Plaintiffs and against Defendant Elite Rebar in an unknown

amount for any and all audit fees associated with the payroll compliance audit pursuant to the Collection Policy/Audit Procedures;

D. Judgment be entered in favor of Plaintiffs and against Defendant Elite Rebar for any other contributions, union dues, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraphs B and C above;

E. Defendant Elite Rebar be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements, Collection Policy/Audit Procedures, and 29 U.S.C. §1132(g)(2)(D); and

F. Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Elite Rebar's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

**IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND** *et al.*

/s/ Joseph E. Mallon
Joseph E. Mallon
Bar No. 6280529IL
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
450 E. 96th Street, Suite 500
Indianapolis, IN 46240
(317) 218-4779
mallon@johnsonkrol.com