UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND; IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST FUND; and IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE PLAN, <br><br>    Plaintiffs, <br><br>vs. <br><br>ELITE REBAR, LLC, a Missouri limited liability company, <br><br>    Defendant. | Case No.  4:21-cv-00721-AGF |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiffs' motion for default judgment, (Doc. No. 10), against Defendant Elite Rebar, LLC.  Plaintiffs filed this action on June 18, 2021, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 185 & 1132 to recover delinquent fringe benefit contributions allegedly owed to the Plaintiffs, three employee benefit funds.  Plaintiffs ask the Court to enter judgment in their favor. They do not specify the amount of damages and instead ask the Court to order Earl Sherman, in his capacity as the President of Defendant Elite Rebar, to produce all records necessary for the auditors to complete a payroll compliance audit for the period of February 1, 2018 through May 31, 2021.  Plaintiffs further ask for leave to submit a Motion for Final Judgment in Sum Certain to include all damages owed by Defendant as determined by the audit along with attorneys' fees and costs.  Plaintiffs have failed to

properly support their motion.

## Discussion

Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, No. 4:17-cv-02812-AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (quotation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Before the Court may enter a default judgment, it must be satisfied, on the basis of the sufficiency of the complaint and the substantive merits of Plaintiffs' claims, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal quotation omitted).

Plaintiffs, three employee benefit plans, allege that Defendant is party to a Collective Bargaining Agreement ("CBA") with The International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers Local No. 396 and, through the CBA, is bound by the provisions of two Trust Agreements—the Pension Fund's Trust Agreement and the Welfare Plan's Trust Agreement ("Trust Agreements"). A third document, the Audit and Collection Policy and Procedure (the "Audit Policy") discusses Plaintiffs' right to conduct payroll compliance audits.

Plaintiffs request the Court to order Defendant to turn over records from February

1, 2018 through May 31, 2021.  Plaintiffs will use these records to complete an audit and then file a motion for final judgment based on the results of the audit.  The Court is not convinced that Plaintiffs are entitled to audit certain documents—the records from February 1, 2018 to March 14, 2018—or base their damages on these documents, and as such will deny Plaintiffs' motion.

      First, Plaintiffs do not explain—nor can the Court determine—why they seek to audit documents from before Defendant signed the CBA.  The CBA states the agreement was "made and entered into on this 15 day of March, 2018" and was signed on March 15, 2018.  (Doc. No. 1-1 at 74).  Moreover, the CBA contains a paragraph in which the parties could have specified a retroactive beginning date, which was left blank.  *Id*. Plaintiffs claim the Audit Policy grants them the right to conduct audits on "employers that fail to submit their monthly contribution reports and contributions to the Trust Funds."  (Doc. No. 1 at ¶ 12).  The Audit Policy does allow for audits of employers who have not submitted their monthly contribution reports but does not contain any provision allowing retroactive audits or requiring retroactive payments.  (Doc. No. 1-4).

      Furthermore, although the Court is required to take allegations in the complaint as true, Plaintiffs do not allege that they are entitled to review documents from before Defendant signed the CBA.  Plaintiffs allege they "made repeated requests for Elite Rebar to schedule a payroll compliance audit for the period of February 1, 2018 through May 31, 2021 and to provide access to the records that the auditor requires to complete the examination," and that Defendant "has failed and/or refused to comply with the payroll compliance audit."  *Id*. at ¶¶ 15-16.  Notably missing from the complaint is any

3

allegation that Plaintiffs are entitled to conduct such an audit.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **DENIED without prejudice**.  (Doc. No. 10).

**IT IS FURTHER ORDERED** that Plaintiffs shall have until November 15, 2021 to file a new motion which clearly outlines the basis for the requested relief.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2021.

---

[1] A review of the CBA, Trust Agreements, and the Audit Policy shows Defendant agreed to comply with a payroll compliance audit for the period during which it was a signatory to the CBA.

The CBA obligates Defendant to make payments to the Trust Agreements.  *See* Doc. No. 1-1 at 18.  The Audit Policy requires Defendant to "[s]ubmit a completed report form and contribution check(s) to the [Trust Funds] when due as set out in the applicable [CBA]."  (Doc. No. 1-4 at 3).  The Audit Policy also allows the Trust Funds to conduct audits of any employer who is more than 60 days delinquent on their payments.  *Id*. at 9.  As such, the facts show Defendant was obligated to submit to an audit for the period during which its payments were due but have not been paid.