UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ELITE REBAR, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.  4:21-cv-00721-AGF

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' amended motion for default judgment, (Doc. No. 13), against Defendant Elite Rebar, LLC.  Plaintiffs filed this action on June 18, 2021, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 185 & 1132 to recover delinquent fringe benefit contributions allegedly owed to the Plaintiffs, three employee benefit funds.  Defendant did not file a responsive pleading and Clerk's Entry of Default was entered against it on July 27, 2021.  (Doc. No. 7).  On August 3, 2021, Plaintiffs filed their initial motion for default judgment.  (Doc. No. 10).  In that motion, Plaintiffs requested the Court order Defendant to produce all records necessary for its auditors to complete a payroll compliance audit for the period of February 1, 2018 through May 31, 2021, and for leave to submit a motion for final judgment in sum certain to include all damages owed by Defendant as determined by the audit along with attorneys' fees and costs.  The Court denied the order, finding Plaintiffs

had not adequately explained the timeframe for which they sought records. (Doc. No. 12).

Plaintiffs then filed their amended motion for default judgment. In that motion, Plaintiffs explained Defendant became bound to the Collective Bargaining Agreement ("CBA") and Trust Funds' Audit and Collection Policy ("Audit Policy") on March 15, 2018. Plaintiffs further explain the Audit Policy grants them broad discretion to order signatories to comply with payroll audits, and Defendant has failed to comply with these audits or remit any payments. Plaintiffs request documents dating back to February 1, 2018 in order to verify Defendant's reported data. Plaintiffs again ask the Court order Defendant to produce all records necessary for their auditors to complete a compliance audit and for leave of the Court to file a petition for entry of final judgment in sum certain based on the findings of that audit.

Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The Court concludes Plaintiffs have adequately supported their request for documents to complete an audit, which will, in turn be used to support a request for the entry of final judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion for Default Judgment is **GRANTED**, to the extent it requests documents in support of an audit. (Doc. No. 13).

2

**IT IS FURTHER ORDERED** that Defendant Elite Rebar is ordered to submit the following of its business records for the period of February 1, 2018 through May 31, 2021 to Plaintiffs' payroll compliance auditor, Brad Soderstrom, bsoderstrom@anderscpa.com, (314) 655-0192, by **November 29, 2021.**

a. Payroll records including detail on wages and hours worked and paid (weekly or monthly);

b. Individual employees' earnings records (quarterly or yearly);

c. Time cards;

d. Federal and State tax forms: W-2's, 1099's, and state quarterly tax returns;

e. Employee data, including names, addresses, phone numbers and hire and termination dates, and all available documentation to verify job duties, including, but not limited to, job applications, certified payroll reports and worker compensation reports;

f. Employer copies of monthly contribution reports to all fringe benefit funds to which you contribute;

g. Cash disbursement records journal, and supporting documentation such as accounts payable invoices and check stubs;

h. Job cost records and general ledger; and

i. Any other financial data the auditor's procedures may require.

**IT IS FURTHER ORDERED** that on or before **December 29, 2021,** Plaintiffs shall file a Motion for Final Judgment in Sum Certain to include all unpaid contributions,

dues, liquidated damages, interest, and audit fees owed by Defendant as revealed by the payroll compliance audit, along with Plaintiff's attorneys' fees and costs expended in bringing this lawsuit, or file a status report with the Court advising of the status of the audit.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2021.