## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

IRON WORKERS ST. LOUIS )
DISTRICT COUNCIL PENSION )
TRUST FUND, et al., )
                             )
           Plaintiffs, )
                             )
      v. )          Case No. 4:21-cv-00721-AGF
                             )
ELITE REBAR, LLC, )
                             )
           Defendant. )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon Plaintiffs' Motion for Contempt and Body Attachment.  (Doc. No. 32).  Plaintiffs request this Court hold Defendant Elite Rebar and its president, nonparty Earl Sherman, in contempt.  After a hearing on the record, at which neither Mr. Sherman nor Elite Rebar appeared, the motion will be granted.

**<u>Background</u>**

Plaintiffs, three employee benefit funds, filed their complaint against Defendant Elite Rebar pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 185 & 1132, to recover delinquent fringe benefit contributions owed to them. (Doc. No. 1).  Elite Rebar did not file a responsive pleading and Clerk's Entry of Default was entered against it.  (Doc. No. 7).  Plaintiffs then filed a motion for default judgment, requesting the Court order Elite Rebar to produce all records necessary for its auditors to complete a payroll compliance audit.  (Doc. No. 13).  The Court granted that motion to

the extent it requests documents in support of an audit, and ordered Elite Rebar to submit certain business records to Plaintiffs' payroll compliance auditor.  (The "Discovery Order," Doc. No. 14).  Plaintiffs served Elite Rebar, through Mr. Sherman, with a copy of the Discovery Order.  (Doc. No. 15-1).  Elite Rebar did not submit the documents to Plaintiffs.

Plaintiffs now ask the Court to hold Defendant Elite Rebar, LLC and Mr. Sherman in contempt of court for failing to abide by the Discovery Order.  The Court set the motion for a hearing and ordered Plaintiffs to serve a copy of the order upon Mr. Sherman.  Plaintiffs, as well as the Marshals, made multiple unsuccessful attempts to serve Mr. Sherman, and the Court rescheduled the hearing several times.  However, Plaintiffs informed the Court that they served Mr. Sherman at his residence with the Court's most recent contempt hearing order, which set a contempt hearing for May 4, 2022.  (The "Contempt Hearing Order," Doc. No. 28).

Plaintiffs submitted a certificate of service from their process server describing his attempt to serve Mr. Sherman.  The process server made six unsuccessful attempts to serve Mr. Sherman at his residence.  (Doc. No. 29 at 2-3).  On April 29, 2022, the process server once again attempted to serve Mr. Sherman.  He spoke with Quintasia Baily, who is described by the certificate of service as "17+" and a "co-resident" of the home.  *Id*. at 1.  Ms. Baily confirmed that both she and Mr. Sherman live at the address.  The process server left the copies of the show cause order with Ms. Baily.  *Id*.  As he was leaving, the process server saw a man fitting Mr. Sherman's general description walking up to the

2

house.  The process server asked the man if he was Mr. Sherman, but the man did not

answer.  *Id*.

On May 4, 2022, the Court held a hearing on Plaintiffs' motion for contempt.

Plaintiffs appeared through counsel.  Neither Mr. Sherman nor Elite Rebar appeared at

the hearing.  The Court ordered Plaintiffs to file a memorandum specifying the relief

requested and the legal and factual support for the requested relief.  (Doc. No. 31).

Plaintiffs then filed their motion for contempt and body attachment.  (Doc. No.

32).  In the motion, Plaintiffs explain that service of the Contempt Hearing Order was

adequate pursuant to Fed. R. Civ. P. 5(b)(2)(B)(ii), which provides that a paper may be

served by leaving it "at the person's dwelling or usual place of abode with someone of

suitable age and discretion who resides there . . . ."  Plaintiffs contend that by leaving the

paper with Ms. Baily, they complied with Fed. R. Civ. P. 5.

Plaintiffs further claim this Court has the authority to hold Mr. Sherman, who is

not a party to this case, liable in civil contempt because it may hold non-parties in

contempt if they have notice of the Court's order and the responsibility to comply with

the order.  They claim Mr. Sherman had the responsibility to comply with the Discovery

Order to submit specific business records because he is Elite Rebar's sole corporate

officer.  In support of their position, Plaintiffs provided Elite Rebar's Articles of

Organization, which list Mr. Sherman as the registered agent as well as the sole organizer

of Elite Rebar.  (Doc. No. 32-2 at 2).  Plaintiffs also provided the signature page of the

agreement between Plaintiffs and Elite Rebar, which is signed by Mr. Sherman.  (Doc.

No. 32-3 at 2-3).  Plaintiffs do not explain if or how Mr. Sherman received notice of the Discovery Order.

The Court ordered Elite Rebar and Mr. Sherman to show cause why the Plaintiffs' motion for contempt should not be granted, (Doc. No. 33), and directed the Clerk of Court to mail one set of copies of the show cause order and Plaintiffs' motion for contempt to Elite Rebar at Mr. Sherman's most recent address, two prior address associated with Elite Rebar, and to Mr. Sherman's email address, and mail one set of copies to Mr. Sherman at the same addresses and email address.  *Id*.  The copies sent to Elite Rebar at one of its prior addresses were returned to the Court and stamped "return to sender vacant unable to forward."  (Doc. No. 35).  The copies sent to Elite Rebar at Mr. Sherman's most recent address were also returned to the Court.  (Doc. No. 34).  These copies were stamped "return to sender attempted – not known unable to forward" and "wrong address" was handwritten on the front of the envelope.  *Id*.  However, none of the copies sent to Mr. Sherman at his current address or any prior addresses were returned to the Court.  Neither Mr. Sherman nor Elite Rebar responded to the show cause order and the time to do so has passed.

## Service of the Contempt Hearing Order

Plaintiffs claim they served Mr. Sherman in compliance with Fed. R. Civ. P. 5(b)(2)(B)(ii), which states that a paper may be served by leaving it "at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  The process server left the Contempt Hearing Order with Ms. Baily at Mr. Sherman's residence.  Plaintiffs confirmed that Mr. Sherman is the owner of the

4

residence via a property tax inquiry, (Doc. No. 32-4), and the process server noted that a vehicle registered to Mr. Sherman was parked outside the home during one of his unsuccessful attempts to serve Mr. Sherman. (Doc. No. 22-1).  Ms. Baily told the process server that she is a resident of the home.  As such, Plaintiffs have shown that the Contempt Hearing Order was left at Mr. Sherman's dwelling with someone who resides there.

The Court further concludes that Ms. Baily is a person of suitable age and discretion.  Ms. Baily is described by the process server as "17+."  (Doc. No. 29 at 1). Plaintiffs have provided no support for their proposition that a seventeen-year-old is a person of suitable age for the purpose of Rule 5, nor has the Court found any.  However, courts interpreting similar language in Rule 4[1] have concluded that a person as young as fourteen is a person of "suitable age and discretion."  *Villegas-Rubi v. Dynamic Change, Inc.*, No. 3:17-CV-01531-HZ, 2018 WL 706485, at *1 (D. Or. Feb. 5, 2018) (finding person described as "over the age of 14 years" was a person of suitable age and discretion pursuant to Fed. R. Civ. P. 4); *Blue Cross & Blue Shield of Michigan v. Chang*, 109 F.R.D. 669, 670 (E.D. Mich. 1986) (finding defendant's seventeen year old child was person of suitable age and discretion); *De George v. Mandata Poultry Co.*, 196 F. Supp. 192, 193 (E.D. Pa. 1961) (finding sixteen year old girl was a person of suitable age).  *See also United States v. Mensik*, 57 F.R.D. 125, 127 (M.D. Pa. 1972) (using interpretation of

---

[1]     Rule 4 provides that service may be affected by leaving documents "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B).

"usual place of abode" as used in Rule 4 to determine the meaning of the same phrase in

Rule 5).  Ms. Baily is described as seventeen or older by the process server and she is a

resident of Mr. Sherman's domicile.  As such, Plaintiffs properly served Mr. Sherman

with the Contempt Hearing Order pursuant to Rule 5 by leaving it with Ms. Baily.

**Contempt**

Plaintiffs ask the Court to hold Defendant Elite Rebar as well as its president,

nonparty Mr. Sherman, in contempt for failing to comply with the Court's Discovery

Order.  Plaintiffs further ask for body attachment of Mr. Sherman.  "It is well-settled that

a court's contempt power extends to non-parties who have notice of the court's order and

the responsibility to comply with it." *Chi. Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d

500, 507 (8th Cir. 2000).  A "nonparty may be held in contempt where the nonparty aids

or abets a named party in a concerted violation of a court order." *Id*. (quotation marks

and citation omitted).  Consequently, a court's orders with respect to a corporation are

"binding upon . . . corporate officer[s] and agent[s] of the" corporation, and such officers

and agents "may be subject to a contempt finding" for the corporation's violation. *Id.*

Mr. Sherman was adequately notified of the Discovery Order.  "[A]ctual notice of

the order by personal service or otherwise" is sufficient to give a nonparty notice of an

order which he was required to comply with.  *Id*. (citing Fed. R. Civ. P. 65(d)).  Mr.

Sherman was served with a copy of the Discovery Order in his capacity as President of

Elite Rebar, and as such he had actual notice of the Discovery Order.  (Doc. No. 15-1).

The Court further concludes that Mr. Sherman had responsibility to comply with

the order.  "A command to the corporation is in effect a command to those who are

officially responsible for the conduct of its affairs.  If they . . . fail to take appropriate

action within their power for the performance of the corporate duty, they, no less than the

corporation itself are guilty of disobedience, and may be punished for contempt."

*Cement Masons Loc. 527 v. Palazzolo Constr., LLC*, No. 4:16-CV-1437 NAB, 2018 WL

11374768, at *1–2 (E.D. Mo. July 27, 2018) (quoting *Wilson v. United States*, 221 U.S.

361, 376 (1911)).  A corporate officer is responsible for a corporation's actions when "he

was in a position to carry out acts on [its] behalf."  *Chi. Truck Drivers*, 207 F.3d at 507

(sole shareholder and corporate officer of Defendant was responsible for its affairs).  Mr.

Sherman is the sole organizer of Elite Rebar, as well as its registered agent.  (Doc. No.

32-2).  He also signed the collective bargaining agreement with Plaintiffs on behalf of

Elite Rebar.  (Doc. No. 32-3).  Plaintiffs have shown that Mr. Sherman is responsible for

Elite Rebar's compliance with the Discovery Order.  By failing to comply with the order,

Mr. Sherman may be held in contempt.

   "Civil contempt may be employed either to coerce the defendant into compliance

with a court order or to compensate the complainant for losses sustained, or both."  *Chi.

Truck Drivers*, 207 F.3d at 507 (citation omitted).  A "court in dealing with contempt

must exercise the least possible power adequate to the end proposed."  *Taylor v. Finch*,

423 F.2d 1277, 1279 (8th Cir. 1970) (quotation marks and citation omitted).

Incarceration has been used to compel compliance with court orders in ERISA

delinquency actions.  *See, e.g.*, *Painters Dist. Council No. 2 v. Paragon Painting of

Missouri, LLC*, No. 4:08-CV-01501-ERW, 2011 WL 3891870, at *1 (ordering Writ of

Body Attachment against non-party for failing to comply with post-judgment discovery);

*Greater St. Louis Construction Laborers Welfare Fund v. Marvin Steele Enters.,* No. 4:96–CV–1073 ERW, at *1 (E.D. Mo. Mar. 21, 1997) (ordering that a bench warrant issue for the arrest of the individual defendants).

The motion for contempt and Order setting the hearing were properly served at Mr. Sherman's residence.  Pursuant to that motion, the Court held a hearing on Plaintiffs' request for contempt, at which neither Elite Rebar nor Mr. Sherman appeared.  The Court then ordered Elite Rebar and Mr. Sherman to show cause why Plaintiffs' motion should not be granted.  (Doc. No. 33).  The order to show cause was sent by the Court to Mr. Sherman at his residence address and was not returned undeliverable.  Furthermore, there is no indication that the orders sent via email were not successfully delivered.  Neither Elite Rebar nor Mr. Sherman responded to the Court's show cause order.  Elite Rebar and Mr. Sherman have shown contempt by failing to comply with this Court's Discovery Order and a writ of body attachment is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt is **GRANTED**. (Doc. No. 32).  Defendant Elite Rebar, LLC and its president, Earl Sherman, are in **CONTEMPT**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for a Writ of Body Attachment against Mr. Sherman is **GRANTED**.  Mr. Sherman has previously been found at 1313 Julie Avenue, East St. Louis, IL 62206.  The Marshals are directed to bring Mr. Sherman before this Court without undue delay with costs assessed jointly against Mr. Sherman and Elite Rebar.

8

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Defendant Elite Rebar, LLC at 1313 Julie Avenue, East St. Louis, IL 62206.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Earl Sherman at 1313 Julie Avenue, East St. Louis, IL 62206.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2022.

9