IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, et. al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 4:21-CV-00721-AGF ) |
| ELITE REBAR, LLC, | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiffs' motion for Relief *re* Final Judgment in Sum Certain. (Doc. No. 52). Defendant Elite Rebar, LLC ("Elite") is currently unrepresented in this case. Mr. Sherman, Elite's principal, advised the Court oral that he did not receive a copy of the motion. Accordingly, on October 3, 2022, the Court directed the Clerk of the Court to mail a copy of the motion to Elite and provided Elite ten days in which to respond to the motion. (Doc. No. 55). However, the Court also advised Elite that it may not proceed *pro se*, and that it must retain counsel if it intends to participate further in court proceedings. *Id.* After asking for an extension of time through Mr. Sherman, which the Court granted, Elite did not respond to the motion. The Court further ordered Elite to show cause as to why Plaintiffs' motion should not be granted on or before November 14, 2022. (Doc. No. 59). Elite has not shown cause, and the time to do so has elapsed. Thus, for the reasons set forth

below, the Court will grant Plaintiffs' motion.

**Factual and Procedural Background**

Plaintiffs filed this motion on June 18, 2021, under the Employee Retirement Income Security Act, 29 U.S.C. §§ 185 & 1132 ("ERISA") to recover delinquent fringe benefit contributions allegedly owed to the Plaintiffs, including three employee benefit funds. (Doc. No. 1). Elite did not file a responsive pleading and the Clerk of the Court entered default against it on July 27, 2021. (Doc. No. 7). On August 3, 2021, Plaintiffs filed their initial motion for default judgment, in which they requested the Court order Elite to produce all records necessary for its auditors to complete a payroll compliance audit for the period of February 1, 2018 through May 31, 2021. (Doc. No. 12). The Court denied this order, finding that Plaintiffs had not adequately explained the timeframe for which they sought records. *Id*.

Plaintiffs then filed an amended motion for default judgment on November 11, 2021, in which they explained that Elite became bound to a collective bargaining agreement (the "CBA") and the Trust Funds' Audit and Collection Policy (the "Audit Policy") on March 15, 2018. (Doc. No. 13). The Audit Policy granted Plaintiffs the broad discretion to order signatories to comply with the payroll audits, though Elite failed to comply with these audits or remit any payments. (Doc. No. 14 at 2). Finding this information sufficiently explained the timeframe for which Plaintiffs sought records, the Court entered an order compelling Elite to submit the requested business records to Plaintiffs by November 29, 2021 (the "Discovery Order"). *Id*. at 3. The

2

Court also granted Plaintiffs leave to submit a motion for final judgment in sum certain after reviewing the documents.  *Id*.

Although Plaintiffs served Elite with a copy of the Discovery Order, Elite failed to submit the requested documents to Plaintiffs.  *See* (Doc. No. 15-1).  Plaintiffs therefore filed a status update with the Court on December 22, 2021, requesting that the Court hold a hearing in which Mr. Sherman would be directed to show cause as to why he should not be held in contempt for Elite's failure to comply with the Discovery Order.  (Doc. No. 15).  The Court set the matter for a hearing and ordered Plaintiffs to serve a copy of the order on Mr. Sherman.  (Doc. No. 36).  However, Plaintiffs, through their process server and the Marshals, made multiple unsuccessful attempts to serve Mr. Sherman, and the Court rescheduled the hearing several times.  *Id*. at 2.  On April 29, 2022, Plaintiffs' process server, in an attempt to serve Mr. Sherman, spoke with Quintasia Baily, a "co-resident" of the home who was older than seventeen at the time of attempted service.  *Id*.  Ms. Baily confirmed that both she and Mr. Sherman lived at the address, and the process server left copies of the show cause order with Ms. Baily.  *Id*.  As he left, the process server saw a man fitting Mr. Sherman's general description approaching the house; though the process server asked the man if he was Mr. Sherman, the man did not answer.  *Id*. at 2-3. On May 3, 2022, the Court held a hearing on Plaintiffs' motion for contempt, at which neither Mr. Sherman nor Elite appeared.  *Id*.  Shortly thereafter, on June 10, 2022, the Court granted Plaintiffs' motion for contempt.  *Id*. at 8.

On June 27, 2022, the Court held a hearing at which Mr. Sherman appeared *pro se* and Plaintiffs' counsel appeared via teleconference. *See* (Doc. No. 41). Mr. Sherman and Plaintiffs' counsel agreed to discuss the production of the requested documents in order to reach an agreement. *Id.* However, Elite still failed to timely produce the required documents, and on July 21, 2022, Plaintiffs filed a motion for additional sanctions. (Doc. No. 44). The Court held a hearing on this motion on August 19, 2022, at which the parties explained that Mr. Sherman had provided some of the required documents, and that he intended to continue to comply. *See* (Doc. No. 50). On September 2, 2022, Plaintiffs filed a motion for Relief *re* Final Judgment in Sum Certain, in which Plaintiffs provided an aggregate and itemized amount of damages. (Doc. No. 52). As this motion indicated that Plaintiffs had received sufficient records to request default judgment, the Court found their motion for sanctions moot. (Doc. No. 53).

**Discussion**

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b); however, the decision to grant default judgment thereafter is within the Court's discretion. *See Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." After

4

the Clerk of the Court enters default, "the allegations of the complaint, except as to the amount of damages are taken as true." *See Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.,* 4:17CV02812 AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (internal citation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). Before the Court may enter a default judgment, it must be satisfied that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (internal citation omitted).

When the Court is able to compute the judgment regarding damages on the basis of the facts on the record, the Court need not hold an evidentiary hearing on the issue of damages. *See Taylor v. City of Ballwin,* 859 F.2d 1330, 1333 (8th Cir. 1988) (internal citations omitted). With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages, attorneys' fees, and costs. *Id*. Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, No. 17-cv-0942 (KBJ), 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (internal quotation and marks omitted). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment. *See Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL

2848708 at *1 (E.D. Mo. July 11, 2012).

In their motion for relief, Plaintiffs seek judgment against Elite in the amount of $233,791.35, itemized as follows:

1. $155,044.23 in contributions owed to Plaintiffs for the period of February 1, 2018 through May 31, 2021, as revealed by the payroll compliance audit on behalf of the employees performing work within the jurisdiction of Local 396;

2. $15,504.42 in liquidated damages resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 396;

3. $40,898.67 in interest resulting from the failure to timely submit contributions as revealed by the payroll compliance audit on behalf of employees performing work within the jurisdiction of Local 396;

4. $22,094.03 in attorneys' fees and costs incurred as of September 1, 2022; and

5. $250.00 in attorneys' fees and costs for review and revision of the motion for judgment and the e-filing of that motion on September 2, 2022. (Doc. No. 52).

Plaintiffs submitted the affidavit of Joyce E. Larson-Francis, a third-party administrator for Plaintiffs and the Plan Manager for the Trust Funds. (Doc. No. 52-1). Ms. Larson-Francis explains that Elite is bound to the Trust Agreements through the CBA. *Id*. She also notes that the Trust Funds' auditors completed a payroll compliance audit of Elite concerning work performed from February 1, 2018 through May 31, 2021, which revealed that Elite failed to pay contributions owed to the Trust Funds during this period. *Id*. Based on this affidavit, the Court finds that Elite was bound at all relevant times to a valid collective bargaining agreement and that it

breached its obligations by failing to timely pay the required contributions thereunder.

Plaintiffs also provided an affidavit from their counsel Adam Y. Decker, in which Mr. Decker outlines that he, counsel Joseph E. Mallon, and attorneys Oliva Goldner, William Blumthal, Liliana Sanchez, Karl Masters, and Hussein Isa each worked on the case for a total of approximately eighty-eight hours.  (Doc. No. 52-2). Mr. Mallon charged $285 per hour, Mr. Masters charged $270 per hour, Mr. Blumthal charged $265 per hour, Mr. Isa charged $230 per hour, Ms. Goldner charged $160 per hour, and Ms. Sanchez charged $160 per hour.  *Id*.  Mr. Decker completed the majority of the hours listed and charged a rate of $215 per hour.  *Id*.  Together, Mr. Decker asserts that Elite must pay $20,320.75 in attorneys' fees, and $2,023.28 in costs, totaling $22,344.03.  *Id*.

Pursuant to § 1132(g)(2)(D), the Court may award costs and "reasonable" attorneys' fees.  As the Supreme Court has repeatedly recognized, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," otherwise known as the "lodestar." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 575 (8th Cir. 2014).  The Court should only include hours that are "reasonably expended" and counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  Once the Court has determined that amount, it should consider a number of other factors, including the

7

results obtained, to determine whether the fee should be adjusted upward or downward. *Id.* The Court finds that Plaintiffs' counsel expended a reasonable number of hours on this case. Furthermore, the Court finds that these fees are commensurate with fees the Court has previously awarded in similar cases and are thus reasonable. *See Iron Workers St. Louis District Council Pension Trust v. Edwards Steel, Inc.*, Case No. 4:19-cv-02377-AGF, 2019 7372255, at *4 (E.D. Mo. Dec. 31, 2019) (awarding fees for thirty-seven hours of work at a rate of $250 per hour).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for Relief *re* Final Judgment in Sum Certain, (Doc. No. 52), is **GRANTED.**

An appropriate Judgment shall accompany this Memorandum and Order, showing the liability of Defendant Elite Rebar, LLC in the amount of $233,791.35.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2022.